**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANIRA ALCARAZ-BARAJAS, | No. 14-71429 |
| Petitioner, | Agency No. A092-407-275 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Yanira Alcaraz-Barajas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to remand

and dismissing her appeal from an immigration judge's ("IJ") order of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Alcaraz-Barajas does not challenge the agency's determination that her conviction for second-degree robbery is an aggravated felony crime of violence that renders her removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Alcaraz-Barajas' motion to remand, where she failed to submit evidence sufficient to establish prima facie eligibility for adjustment of status. *See* 8 U.S.C. §§ 1255, 1182(h)(1)(B); *see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (BIA may deny a motion for failure to establish a prima facie case for the relief sought).

We lack jurisdiction over Alcaraz-Barajas' unexhausted contentions regarding a continuance, waiver of her right to counsel, and administrative closure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

In light of our disposition, we need not reach Alcaraz-Barajas' remaining contention regarding *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

14-71429